**SANDERS LAW GROUP**
333 Earle Ovington Boulevard, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 126456

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yadira Morales,<br><br>    Plaintiff,<br><br>v.<br><br>State Collection Service, Inc. and Experian Information Solutions, Inc.,<br><br>    Defendants. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

   Yadira Morales ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against State Collection Service, Inc. ("*SCS*" or *"Furnisher Defendant"*) and Experian Information Solutions, Inc. ("*Experian*" or "*CRA Defendant*") (Furnisher Defendant and CRA Defendant are collectively referred to as "*Defendants*") as follows:

### **INTRODUCTION**

   1.  This action seeks to recover for violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §1681 *et seq*.

   2.  This action seeks relief against CRA Defendant for reporting inaccurate and/or misleading information on Plaintiff's credit report in violation of §1681e(b); and for CRA Defendant's failure to conduct a reasonable investigation into Plaintiff's disputes in violation of §1681i(a).

   3.  This action seeks relief against Furnisher Defendant for violations of the Fair Credit Reporting Act under 15 U.S.C. §1681s-2(b), for their failure to conduct a reasonable and/or good

1

faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the inaccurate information.

4. Plaintiff seeks an order enjoining Defendants' injurious conduct and to recover, *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports.

5. As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; emotional and mental pain due to the anxiety and stress of not being able to use and benefit from their credit due to this inaccurate reporting and the embarrassment and emotional pain of a credit denial and the dissemination of this inaccurate reporting to third party creditors.

6. Furthermore, Defendants are also responsible for the cost in time and money associated with requesting credit reports, consulting with professionals regarding resolving this inaccurate reporting and submitting a dispute letter via certified mail.

7. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an order issued by this court enjoining Defendants from persisting in their violative behaviors.

## JURISDICTION AND VENUE

8. Jurisdiction of the Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(3) insofar as Defendant Experian maintains a place of business in this judicial district.

## PARTIES

10. Plaintiff Yadira Morales is an adult who is a citizen of the State of Washington residing in Pierce County, Washington.

11. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant SCS is a "furnisher of information" (hereinafter "*Furnisher*") as that term is defined by 15 U.S.C. § 1681s-2(b).

13. Defendant SCS is a corporation formed in Wisconsin and has a principal place of business located at 2509 S. Stoughton Road, Madison, Wisconsin, 53726 and is registered to do business in the State of New York.

14. Defendant Experian is consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. § 1681a(f), that regularly conducts business in this judicial district.

15. Defendant Experian is a Ohio corporation which has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626, is registered to do business in the State of New York, and may be served with process upon CT Corporation System, its registered agent for service of process at 28 Liberty Street, New York, NY 10005.

16. Defendant Experian by contractual agreement, disbursed consumer background reports for remuneration to third party creditors.

## SUBSTANTIVE ALLEGATIONS OF FCRA

17. Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681(a) which states as follows:

> (1) The banking system is dependent upon fair *and accurate* credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
> (4) There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

18. FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

19. CRAs compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third parties in credit transactions involving

consumers, for employment purposes, for the underwriting of insurance for consumers, and even housing.

20. Plaintiff has a legally protected interest in the Defendants fulfilling their duties under FCRA so that the credit information being furnished and reported by them is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

21. Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

22. Plaintiff Yadira Morales had an outstanding credit card debt with SCS in the amount of $1,389.35.

23. Plaintiff paid this debt in full to SCS through their agent, Jacobs & Jacobs, for $1,389.35.

24. This payment resolved the debt in its entirety and nothing more is due and owing.

25. As such, Plaintiff's credit reports should reflect that the debt paid in full.

26. After the payment was completed, Plaintiff caused a dispute letter to be sent to CRA Defendant and non-party CRAs Equifax and Trans Union via certified mail (the "*FCRA dispute letter*").

27. Based upon United States Postal Service tracking information, Experian received the FCRA dispute letter.

28. Upon information and belief, Experian forwarded a notice of dispute and all relevant information regarding the FCRA dispute letter to SCS, within five business days of receipt of same, as required by the FCRA.

29. Upon information and belief, SCS received the notice of dispute and all relevant information from Experian of Plaintiff's FCRA dispute letter.

30. Following Defendants' thirty (30) day FCRA investigation period, Defendants continued to report the debt as unpaid with an outstanding balance and past due amount of $1,389 whereas non-party CRAs Equifax and Trans Union properly delete the account entirely.

31. Since this debt was paid off entirely, the reporting of an outstanding balance and the failure to indicate that the debt was paid in full is inaccurate, misleadingly inflates Plaintiff's liabilities and violative of the FCRA.

32. Upon information and belief, Defendants either failed to perform any investigation

at all or performed an unreasonable investigation and erroneously verified the inaccurate account as accurate.

33. Had Defendants performed a reasonable investigation, the account at issue would have been modified to reflect the fact that it was paid in full with no outstanding balance, or the tradeline would have been deleted entirely.

34. Alternatively, and upon information and belief, Experian failed to provide SCS with the notice of dispute and all relevant information.

35. Alternatively, and upon information and belief, SCS provided Experian with the correct information and directives regarding the SCS account and Experian failed to properly process or furnish this data to Plaintiff's credit report.

36. As such, Experian failed to practice reasonable procedures to assure maximum possible accuracy.

37. As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; wrongly inflated liabilities; emotional and mental pain due to the anxiety and stress of not being able to use and benefit from their credit due to this inaccurate reporting and the embarrassment and emotional pain of a credit denial and the dissemination of this inaccurate reporting to third parties.

38. Defendants are also responsible for the cost in time and money associated with requesting credit reports, consulting with professionals regarding resolving this inaccurate reporting and submitting a dispute letter via certified mail.

## COUNT I
### CRA Defendant's Violations of the FCRA, 15 U.S.C. §1681e(b).

39. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

40. CRA Defendant systemically violated 15 U.S.C. §1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff they published.

41. Upon receipt of Plaintiff's disputes, CRA Defendant was legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the

dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

42. At a minimum, CRAs are required to mark the status of the tradeline/account as disputed on the consumer's background reports but Experian failed to do so.

43. Upon information and belief, CRA Defendant's conduct in the instant matter is representative of their normal policies and procedures or lack thereof for maintaining accurate credit reporting.

44. In violation of §§ 1681e(b) and 1681(i), CRA Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

45. Plaintiff disputed the inaccurate information and CRA Defendant knowingly or intentionally failed to perform a reasonable investigation to remove the inaccurate information.

46. Plaintiff disputed the inaccurate information and CRA Defendant recklessly failed to perform a reasonable investigation to remove the inaccurate information.

47. Alternatively, Plaintiff disputed the inaccurate information and CRA Defendant negligently failed to perform a reasonable investigation to remove the inaccurate information.

48. As a result of CRA Defendant's violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described in the above statement of facts.

49. In violation of § 1681o and § 1681n, CRA Defendant's conduct was a direct and proximate cause of Plaintiff's injury.

50. CRA Defendant is liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

51. As a result of CRA Defendant's violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

52. For the foregoing reasons, CRA Defendant violated 15 U.S.C. § 1681e(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT II
### CRA Defendant's Violations of the FCRA, 15 U.S.C. §1681i *et seq.*

53. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

54. CRA Defendant violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

55. CRA Defendant violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon Furnisher Defendant and merely parroting information received from the furnisher.

56. CRA Defendant violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendant all of the relevant information regarding Plaintiff and his dispute.

57. CRA Defendant violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

58. CRA Defendant violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

59. CRA Defendant never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendant; or (iv) requested or obtained any other relevant documents from Furnisher Defendant. As such there is no evidence of a reasonable investigation being conducted.

60. As a result of CRA Defendant's violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

61. CRA Defendant's violations were willful because they had knowledge of the issue after receiving a detailed dispute letter and/or reckless disregard for the information provided in that dispute, rendering CRA Defendant individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

62. In the alternative, CRA Defendant was negligent, which entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

63. For the foregoing reasons, CRA Defendant violated 15 U.S.C. § 1681i and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT III
### Furnisher Defendant's Violations of the FCRA, 15 U.S.C. §1681s-2(b)

64. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

65. At all times pertinent hereto, Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

66. Furnisher Defendant has a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

67. Furnisher Defendant has an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from a consumer reporting agency.

68. FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher–to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

69. On each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendant, upon information and belief, CRA Defendant provided Furnisher Defendant the notice of dispute and all relevant information regarding the disputes.

70. Upon information and belief, on each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendant, Furnisher Defendant received the notice of dispute and all relevant information regarding the disputes.

71. Upon information and belief, Furnisher Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's disputes.

72. Furnisher Defendant failed to correct or remove the inaccurate information from the account and credit report and report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

73. Upon information and belief, Furnisher Defendant's conduct in the instant matter is representative of their normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

74. Furnisher Defendant violated § 1681s-2(b) by willfully failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

75. Furnisher Defendant violated § 1681s-2(b) by willfully failing to review all relevant information concerning Plaintiff's account as provided.

76. Furnisher Defendant violated § 1681s-2(b) by willfully failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

77. Furnisher Defendant violated § 1681s-2(b) by willfully failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation.

78. Furnisher Defendant violated § 1681s-2(b) by willfully failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

79. Furnisher Defendant violated § 1681s-2(b) by willfully failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

80. Furnisher Defendant's conduct was willful in that they had direct knowledge of the settlement agreement, was a party to that settlement, received payment in full for the settlement, and received FCRA dispute notice of the tradeline from the consumer reporting agencies, but continued to report the tradeline inaccurately.

81. Alternatively, Furnisher Defendant exhibited a reckless disregard and unjustifiably high risk to the Plaintiff when it received the FCRA dispute and still failed to conduct a reasonable investigation and correct the credit reporting.

82. Furnisher Defendant violated § 1681s-2(b) by negligently failing to review all relevant information concerning Plaintiff's account as provided.

83. Furnisher Defendant violated § 1681s-2(b) by negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

84. Furnisher Defendant violated § 1681s-2(b) by negligently failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation.

85. Furnisher Defendant violated § 1681s-2(b) by negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

86. Furnisher Defendant violated § 1681s-2(b) by negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

87. Further, Plaintiff suffered actual damages, further described in the above in statement of facts.

88. Furnisher Defendant is liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

89. Alternatively, Furnisher Defendant's conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

90. For the foregoing reasons, Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

## JURY DEMAND

91. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against Defendants, as follows:

a  Adjudging that Defendants actions violated the FCRA; and

b  An order enjoining Defendants from persisting in violative behaviors and requiring Defendants to correct or otherwise delete the accounts at issue in Plaintiff's credit report;

c  Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

d  Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

e  Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

f  Granting Plaintiff costs and reasonable attorney's fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

    g    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    h    Such other and further relief as the Court determines is just and proper.

DATED: November 30, 2022

                            **SANDERS LAW GROUP**

                            By: */s/ Nicola C. Richards*
                            Nicola C. Richards, Esq.
                            333 Earle Ovington Boulevard, Ste 402
                            Uniondale, NY 11553
                            Email: nrichards@sanderslaw.group
                            Office: (516) 203-7600
                            Direct: (516) 203-7614
                            Fax: (516) 282-7878
                            *Attorneys for Plaintiff*
                            Our File No.: 126455